UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ODALIS PEREZ,                                          CASE NO.: 6:21-cv-01856

    Plaintiff,

v.

WAL-MART ASSOCIATES, INC.
a Foreign Profit Corporation,
d/b/a SAM'S CLUB

Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant WAL-MART ASSOCIATES, INC.[1] ("Defendant"), through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 9th Judicial Circuit Court in and for Orange County, Florida.  The removal is based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.  In support of removal, Defendant states the following:

**I.  FACTUAL BACKGROUND**

Plaintiff commenced this civil action on September 7, 2021, in the 9th Judicial Circuit in and for Orange County, Florida, Case No. 2021-CA-008845-O, by filing a Complaint against Defendant alleging national origin discrimination, race

---

[1] Defendant is mis-named in the style of the Complaint.  The correct name of Defendant is Walmart Associates, Inc.

CASE NO.: 6:21-cv-01856

discrimination, and retaliation in violation of the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760 ("FCRA").

## II. THERE IS COMPLETE DIVERSITY BETWEEN THE PARTIES

Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States."  This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

### A. Citizenship of Odalis Perez

Plaintiff is a resident of Orange County, Florida.  [Compl. ¶ 2].  Although the Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is *prima facie* evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, Case No. 09-CV-60067, 2009 U.S. Dist. LEXIS 51705, *8 (S.D. Fla. Jun. 1, 2009).

Plaintiff's Orange County, Florida residence is *prima facie* evidence of her domicile, which is equivalent to citizenship for purposes of establishing diversity in this case.  *See Katz,* 2009 U.S. Dist. LEXIS 51705 at *8.

**B.     Citizenship of Defendant**

At all material times, Defendant was and is an Arkansas corporation and maintains its principal place of business in Bentonville, Arkansas. At no time material has Defendant been a citizen of the State of Florida.

**III.    AMOUNT IN CONTROVERSY**

The amount in controversy in this suit exceeds $75,000, exclusive of interest and costs.

In each of the three Counts of the Complaint, Plaintiff seeks (1) back pay, (2) benefits adjustment, (3) prejudgment interest, (4) compensatory damages for mental anguish, personal suffering and loss of enjoyment of life, (5) front pay, and (6) attorneys' fees and costs. [*See* Wherefore clauses in Complaint, pp. 4, 6, 8].

In determining whether the amount in controversy is greater than $75,000, "the appropriate measure is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint." *Jackson v. America Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F. 3d 1316, 1319 (11th Cir. 2001).

### A. Back Pay

At the time of Plaintiff's separation of employment from Defendant on January 2, 2020, Plaintiff's rate of pay was $18.23 per hour. *See* Declaration of Regional Field Talent Partner - Learning and Leadership, Alejandro Figueroa, attached as **Exhibit A** at ¶5. Further, at separation, Plaintiff was a full-time employee working approximately 40 hours per week. *Id*. at ¶6. Therefore, between the date of separation on January 2, 2020, and the date of removal on November 5, 2021 (96 weeks), Plaintiff is seeking back pay in the sum of $70,003.[2]

### B. Front Pay

Plaintiff also seeks front pay. Front pay is a form of equitable relief awarded to an FCRA plaintiff in lieu of, or until, reinstatement. *Penalver v. Northern Elc., Inc.*, Case No. 12-80188-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 53662, *6 (S.D. Fla. Apr. 17, 2012); *Brown v. Am. Express Co.*, 09-61758-CIV, 2010 U.S. Dist. LEXIS 18245, 2010 WL 527756, at *5 (S.D. Fla. Feb. 10, 2010). The value of such equitable relief "for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiff[ ] if the [requested relief] were granted." *Penalver*, 2012 U.S. Dist. LEXIS 53662, *6-7 *quoting Leonard v. Enter.*

---

[2] Defendant contests Plaintiff's allegations of wrongdoing or liability and contests that Plaintiff is entitled to any damages, and does not concede that this amount is owed.

CASE NO.: 6:21-cv-01856

*Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002).  Plaintiff's $18.23 hourly rate for two years of full-time work (104 weeks) would total $82,388 in front pay.

### C. Emotional Pain and Suffering/Compensatory Damages

Plaintiff seeks damages for emotional distress.  The FCRA allows for an award of compensatory damages "including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages." Fla. Stat. §760.11(5).  There is no statutory limitation on a compensatory damages award under the FCRA.  *See Id*.  While Defendant does not believe that Plaintiff suffered emotional distress, courts have awarded amounts exceeding $75,000 for employment claims comparable to Plaintiff's claims in this suit.  *See*, *e.g.*, *Munoz v. Oceanside Resorts, Inc*., 223 F. 3d 1340 (11th Cir. 2000) (upholding jury verdict awarding $150,000 in emotional damages); *Hill v. Xerox Corp*., 998 F. Supp. 1378 (N.D. Fla. 1998) (upholding a jury verdict of $457,000 for emotional distress).

### D. Punitive Damages

The FCRA permits an award of punitive damages up to $100,000.00.  *See* Fla. Stat. §760.11(5).  While Defendant does not believe that Plaintiff should be awarded punitive damages, potential punitive damages are properly included for the purpose of determining the amount in controversy.  *Penalver*, 2012 U.S. Dist. LEXIS 53662 at *8-9.

### E. Attorneys' Fees

The FCRA permits a prevailing party an award of attorneys' fees. *See* Fla. Stat. §760.11(5). While Defendant does not concede that Plaintiff will prevail in this case, nonetheless, when a statute authorizes a court to award attorneys' fees to a prevailing party, the amount in controversy includes consideration of the amount of those fees. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255,1265 (11th Cir. 2000) (citing *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000).

This evidence demonstrates the Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

### IV. **REMOVAL IS PROCEDURALLY CORRECT**

In accordance with 28 U.S.C. § 1446(b)(1), Defendant files this Notice of Removal within thirty days of the date that it received a copy of Plaintiff's Complaint. The Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty-day period commenced on October 6, 2021, when Plaintiff served the Complaint.

Venue exists in the United States District Court for the Middle District of Florida, Orlando Division, because the 9th Judicial District in and for Orange

CASE NO.: 6:21-cv-01856

County, Florida, where Plaintiff filed her state court Complaint, is located within the United States District Court for the Middle District of Florida, Orlando Division.

Defendant is the only named defendant and is the only defendant served in this lawsuit.

Pursuant to 28 U.S.C. §1446(a), copies of all processes, pleadings and orders in the state court action are attached hereto as **Composite Exhibit B**.  Furthermore, pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal will be served on Plaintiff, the only adverse party, and a copy will be filed in the state court action.

## V.     RESERVATION OF RIGHTS

This Notice of Removal does not waive any objections Defendant may have regarding defects in service of process, jurisdiction, venue, or any other defense.

Defendant expressly reserves the right to state additional grounds for removal and to provide such additional evidence as may be required to support the grounds asserted in this Notice of Removal.

## VI.    CONCLUSION

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because complete diversity exists in this matter as Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.  Upon filing of this Notice of Removal, Defendant will

CASE NO.: 6:21-cv-01856

promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 9th Judicial Circuit in and for Orange County, Florida.

WHEREFORE, Defendant respectfully requests the Notice of Removal be accepted as good and sufficient basis as required by law, and that the aforesaid state-court action, Case No. 2021-CA-008845-O, on the docket of the 9th Judicial Circuit in and for Orange County, Florida, be removed from that court to the United States District Court for the Middle District of Florida, Orlando Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all other relief to which Defendant is justly entitled.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By: */s/ Derek H. Sparks*
CHRISTINE M. MANZO
Florida Bar No. 52121
cmm@lgplaw.com
DEREK H. SPARKS
Florida Bar No. 11434
dhs@lgplaw.com

CASE NO.: 6:21-cv-01856

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of November, 2021, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to the following: **Rainier Regueiro, Esq.** (rregueiro@rgpattorneys.com), Remer & Georges-Pierre, PLLC, *Attorneys for Plaintiff*, 44 West Flagler Street, Suite 2200, Miami, FL 33130.

                                       */s/ Derek H. Sparks*
                                       DEREK H. SPARKS