IN THE CIRCUIT COURT OF THE
9th JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO.: _____

**ODALIS PEREZ,**

    **Plaintiff,**

vs.

**WAL-MART ASSOCIATES, INC.**
**a Foreign Profit Corporation,**
**d/b/a SAM'S CLUB**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, ODALIS PEREZ ("Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendant, WAL-MART ASSOCIATES, INC., d/b/a SAM'S CLUB ("Defendant") and in support states as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000, excluding attorney fees or costs, pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA") to redress injuries resulting from Defendant's unlawful, discriminatory treatment of Plaintiff.

2. Plaintiff was and continues to be, a resident of Orange County, Florida; and was an employee of Defendant, performing duties as qualified personnel for the Defendant, within a company operated business facility, located in Orange County, Florida.

3. Defendant is a Foreign Profit Corporation, duly authorized to conduct business in the State of Florida and Orange County, Florida.

4. Defendant is an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.*, (hereinafter referred to as "FCRA") since it employs fifteen or more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statutes.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*

6. Venue is proper in Miami-Dade County, Florida, pursuant to Fla. Stat. Section 47.011, because all of the actions complained of herein occurred within the jurisdiction of the Eleventh Judicial Circuit, In and for Miami-Dade County, Florida.

7. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination.

8. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

9. Plaintiff is a Puerto Rican female.

10. Plaintiff began working for Defendant on October 7, 2007 as a cashier.

11. Throughout the course of her employment Plaintiff was discriminated due to her race and national origin by her coworker Johanna Sprykful (American).

12. Johanna would make discriminatory remarks to Plaintiff about Hispanic people such as *"fuck these Spanish people and their music"*, *"go back to your country"*, and that if Plaintiff didn't speak in English, she would get her arrested.

13. Plaintiff complained to supervisor Dan (American) on several occasions about these derogatory remarks, but nothing was done.

14. Furthermore, Johanna had a taser gun in the workplace and Plaintiff complained to supervisor Dan that she felt threatened.

15. On or about December 24, 2020, Johanna told Plaintiff to speak English in the workplace because this is America and was yelling at Plaintiff in front of all the clients.

16. Plaintiff told Johanna that they should talk outside, not in front of the clients.

17. Johanna reported Plaintiff to the manager falsely alleging that Plaintiff had threatened her. Plaintiff was terminated because of these accusations, even though they were false.

18. Any reasons to terminate Plaintiff were pretext for unlawful discrimination.

**COUNT I - NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE FCRA**

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

20. Plaintiff is a member of a protected class under the FCRA.

21. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national-origin-based animosity.

22. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Puerto Rican.

23. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin was unlawful but acted in reckless disregard of the law.

24. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

25. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

26. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

27. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

28. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights.

29. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C. Enter an award against Defendant and award Plaintiff compensatory damages for

mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II - RACE DISCRIMINATION IN VIOLATION OF THE FCRA

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

31. Plaintiff is a member of a protected class under the FCRA.

32. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

33. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Hispanic.

34. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's race was unlawful but acted in reckless disregard of the law.

35. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

36. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

37. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

38. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

39. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights.

40. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **COUNT III – RETALIATION IN VIOLATION OF FCRA**

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

42. By the conduct describe above, Defendant retaliated against Plaintiffs for exercising rights protected under the FCRA.

43. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

44. As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights, have been exposed to ridicule and embarrassment, and they have suffered emotional distress and damage.

45. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiffs, deprived Plaintiffs of statutory rights under federal law.

46. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

47. Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated this 7th  day of September, 2021 　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Rainier Regueiro
　　　　　　　　　　　　　　　　　　　　　　　　　　Rainier Regueiro, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　　Florida Bar Number: 115578
　　　　　　　　　　　　　　　　　　　　　　　　　　rregueiro@rgpattorneys.com
　　　　　　　　　　　　　　　　　　　　　　　　　　**REMER & GEORGES-PIERRE, PLLC**
　　　　　　　　　　　　　　　　　　　　　　　　　　44 West Flagler Street, Suite 2200
　　　　　　　　　　　　　　　　　　　　　　　　　　Miami, FL 33130
　　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (561) 225-1970
　　　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (305) 416-5005